UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MARK A. COTTON | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-cv-189 JD ) |
| DAVID M. GILBERT, *et al.*, | ) ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Mark A. Cotton filed a *pro se* complaint alleging claims under 42 U.S.C. § 1983 against a number of police officers, judges, court clerks, and attorneys, relating to his arrest and prosecution on several state offenses. [DE 1]. Mr. Cotton also filed a petition for leave to proceed *in forma pauperis*. [DE 2]. While Mr. Cotton meets the financial requirements to proceed without prepaying his filing fee, the Court also has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted). When a complaint is confusing or lacking in necessary detail, the district court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

Though the factual allegations in Mr. Cotton's are rather vague, the exhibits he attached provide some factual background for his claims. On October 15, 2013, a woman called the police to report that Mr. Cotton had battered her. Officer John Kauffman of the Marion, Indiana Police Department responded to the call, and he interviewed Mr. Cotton at his home later that day. It is unclear if Mr. Cotton was arrested at that time, but he was later charged with battery and had a warrant issued for his arrest. On November 24, 2013, Marion police officers Ben McKnight and Steve Thompson executed the warrant, and for events that apparently transpired during that arrest, Mr. Cotton was also charged under a separate cause number with resisting law enforcement and possessing marijuana. Both sets of charges were brought in Marion City Court, where Mr. Cotton alleges he pled guilty and was sentenced by Judge James Kocher.[1] However, Mr. Cotton also alleges that both cases were then transferred to Grant County Superior Court and re-docketed in separate cause numbers. Grant Superior Court issued a summons, Mr. Cotton had to attend a new initial appearance and post an additional bond, and his prosecution continued in Grant Superior Court on those charges. The complaint does not indicate how these matters were ultimately resolved.

Mr. Cotton asserted claims under 42 U.S.C. § 1983 against all of the actors involved in these events, including the police officers, judges, clerks, prosecutors, and his defense attorney. To state a claim under § 1983, Mr. Cotton must show that he was "deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). The Court will address the claims against each of these defendants in turn.

---

[1] The exhibits Mr. Cotton attached to his complaint indicate that he actually pled not guilty in Marion City Court and demanded a jury trial, at which point the cases were transferred to Grant Superior Court for trial since it is a court of record.

Mr. Cotton first asserts a claim against David M. Gilbert, the Chief of Police of Marion, Indiana, on the basis that he is responsible for the police department and its officers, and is therefore liable for Mr. Cotton's unlawful arrest by Marion police officers. However, "individual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation,'" so for a supervisor to be liable, he "must have condoned or acquiesced in a subordinate's unconstitutional" acts. *Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, Mr. Gilbert is not liable simply because his subordinates committed a constitutional violation, and because the complaint does not alleged any facts indicating that Mr. Gilbert was personally involved in any of the alleged constitutional violations, it fails to state a claim against him and will be dismissed.

Mr. Cotton also alleges that Judge Kocher of Marion City Court violated his constitutional rights by finding probable cause for his arrest, accepting his guilty plea, and sentencing him, and by not appointing counsel. Mr. Cotton alleges that Judge Warren Haas of Grant Superior Court violated his rights as well, possibly by accepting the transfer of the cases, though it is not entirely clear. However, both of these claims must be dismissed, as Judge Kocher and Judge Haas are entitled to absolute immunity from liability for the acts alleged in the complaint. "[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). A judge loses that immunity only when the judge acts "in the clear absence of all jurisdiction." *Id.* at 356–57. The acts Mr. Cotton identifies in the complaint are purely judicial acts, and despite his claims of procedural defects, none of the

allegations in the complaint suggest that either judge acted in the clear absence of all jurisdiction. *See Lopez v. Vanderwater*, 620 F.2d 1229, 1234 (7th Cir. 1980) (holding that "[e]ven 'grave procedural errors'" do not "deprive a judge of all jurisdiction" for immunity purposes). The claims against Judges Kocher and Haas are therefore dismissed.

Next, Mr. Cotton asserts claims against Kathleen Kiley and Mark J. Florence, clerks of the Marion City Court and the Grant Superior Court, respectively, and against three prosecutors— James Luttrull, Jamie Moore, and Rodney Faulk. However, the complaint does not include any factual allegations as to what actions these individuals took or failed to take that violated Mr. Cotton's rights, so these claims must be dismissed for failure to state a claim. In addition, to the extent Mr. Cotton asserts that the clerks violated his rights simply by filing the courts' orders, they would be entitled to quasi-judicial immunity, which would preclude Mr. Cotton's relief as well. *Richman v. Sheahan*, 270 F.3d 430, 437 (7th Cir. 2001); *Kincaid v. Vail*, 969 F.2d 594 (7th Cir. 1991) (noting that "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reports, and other judicial adjuncts warrants the extension of the [judicial immunity] doctrine"). Likewise, to the extent the prosecutors' acts at issue involved the initiation and pursuit of Mr. Cotton's criminal prosecution, or any other acts "intimately associated with the judicial phase of the criminal process," the prosecutors would be absolutely immune from any suit, too. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Mr. Cotton also asserts a claim against his defense attorney, David Glickfield. However, § 1983 claims require that the defendant have acted under color of state law, and as a general rule, criminal defense attorneys do not act under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Even where the state appoints an attorney to represent a defendant, the

attorney's obligations are to the defendant, not to the state, so the attorney is considered a private actor for these purposes. *Id.* at 320–24. A private individual can become a state actor for purposes of § 1983 if they willfully participate in a joint action with the state or its agents, *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980), but Mr. Cotton's conclusory allegations of a conspiracy are insufficient to state a claim on this basis. *See Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (holding that "conclusory allegations of conspiracy" between the defense attorneys and the state actors were insufficient to state a § 1983 claim against those attorneys). Mr. Cotton's § 1983 claim against Mr. Glickfield is therefore dismissed.

Finally, Mr. Cotton asserts claims against the three police officers involved in his arrest, Officers Kauffman, McKnight, and Thompson. Officer Kauffman investigated the battery allegation against Mr. Cotton, prepared a report, and in a letter to the prosecutor's office, swore under penalty of perjury that the facts in the report were true. It appears that this report formed the basis for the battery charge against Mr. Cotton and his subsequent arrest. Because Mr. Cotton asserts that he was arrested without any evidence of a violation of a criminal statute, the Court construes the claim against Officer Kauffman as a Fourth Amendment claim for "knowingly, intentionally, or with reckless disregard for the truth, mak[ing] false statements" that are necessary to the issuance of an arrest warrant. *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012); *Jones v. City of Chicago*, 856 F.2d 985, 993–94 (7th Cir. 1988) (finding that police officers could be liable under § 1983 for providing false information to prosecutor, leading to the decision to charge an individual). Although Mr. Cotton's factual allegations as to this claim are limited, the Court finds that the complaint suffices to provide Officer Kauffman with notice of the claim against him, so Mr. Cotton will be granted leave to proceed *in forma pauperis* on this claim.

Similarly, the Court construes Mr. Cotton to be asserting false arrest claims under the Fourth Amendment against Officers McKnight and Thompson, who were personally involved in Mr. Cotton's arrest. Typically, officers who make an arrest pursuant to a facially valid warrant cannot be liable for false arrest under § 1983, but an exception to this rule is where the officers knew the warrant had issued without probable cause. *Williamson v. Curran*, 714 F.3d 432, 444–45 (7th Cir. 2013); *Juriss v. McGowan*, 957 F.2d 345, 350–51 (7th Cir. 1992). Mr. Cotton alleges that the warrant was not supported by probable cause and that the officers had no evidence that he had violated a criminal statute. Therefore, construing the complaint liberally in favor Mr. Cotton, a *pro se* plaintiff, the Court finds that Mr. Cotton has pled enough to proceed on his Fourth Amendment claims against Officers McKnight and Thompson.

For these reasons, the Court:

(1) **DISMISSES WITH LEAVE TO REPLEAD** all claims against Defendants Gilbert, Kocher, Haas, Florence, Kiley, Luttrull, Moore, Faulk, and Glickfield;

(2) **GRANTS** the plaintiff leave to proceed *in forma pauperis* [DE 2];

(3) **DEFERS** payment of the filing fee;

(4) **ORDERS** the plaintiff to pay the $350.00 filing fee from the proceeds of any recovery that is received in this case; and

(5) **DIRECTS**, pursuant to 28 U.S.C. § 1915(d), the United States Marshals Service to effect service of process, only as to Defendants Kauffman, McKnight, and Thompson.

SO ORDERED.

ENTERED: July 28, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court