UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MARK A. COTTON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-CV-00189 |
| | ) | |
| DAVID M. GILBERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Before the Court is *pro se* Plaintiff's motion seeking (1) an extension of time to respond to Defendant's answer, and (2) an entry of a default judgment against all Defendants. (Docket # 17.)

With respect to Plaintiff's first requested relief, the motion for an extension is DENIED. There is no basis for Plaintiff to file a response to Defendants' answer. *See, e.g.*, *Banks v. Kartman*, No. 09-cv-98, 2009 WL 1615530, at *1 (W.D. Wis. 2009) ("[Defendants] have not filed a motion to dismiss. If such a motion were to be filed, plaintiff would be allowed to respond to it. Otherwise, it is not necessary for the plaintiff to respond to defendants' answer. Indeed, Fed. R. Civ. P. 7(a) forbids a plaintiff to submit a reply to an answer unless the court directs a reply to be filed.").

And as to Plaintiff's request for the entry of a default judgment, the District Judge in his Order dated July 28, 2014, dismissed all claims against Defendants other than Kauffman, McKnight, and Thompson; therefore, only these three Defendants remain in the case. (Docket # 3.)

On August 20, 2014, counsel appeared for Kauffman and McKnight and requested an extension of time within which to respond to Plaintiff's complaint. (Docket # 8, 10.) The Court granted their request (Docket # 11), and on September 16, 2014, they timely filed their answer (Docket # 16). Therefore, there is no basis for the entry of a default against Kauffman and McKnight. *See, e.g., Indiana Ins. Co. v. Barnes*, No. 98 C 1272, 1998 WL 440896, at *1 (N.D. Ill. July 27, 1998) ("The basis for the default order was the defendants' failure to answer or otherwise plead.").

That leaves Defendant Thompson. Plaintiff sent the summons and complaint via certified mail to Thompson at the Marion Police Department. (Docket # 4.) But the City of Marion Legal Department responded with a letter explaining that although the mailing was accepted by administrative staff, Thompson was no longer employed by the City of Marion at the time and did not authorize the City to accept legal service on his behalf. (Docket # 7.) Therefore, Plaintiff has not effected service on Thompson, *see* Fed. R. Civ. P. 4(e); Indiana Rule of Trial Procedure 4.1, and thus, cannot obtain a default against him. *See Barnes*, 1998 WL 440896, at *1 ("Of course, the defendants were under no obligation to answer or otherwise plead until they received proper service of process.").

For these reasons, Plaintiff's motion requesting an extension of time to respond to Defendants' answer and for the entry of a default judgment (Docket # 17) is DENIED.

SO ORDERED.

Dated: September 26, 2014        s/Roger B. Cosbey_____
                                 Roger B. Cosbey
                                 United States District Court