# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| **MARK A. COTTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:14-cv-189** |
| | ) | |
| **JOHN KAUFFMAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

On March 12, 2015, *pro se* Plaintiff Mark A. Cotton filed a motion in this 42 U.S.C. § 1983 case advancing false arrest claims under the Fourth Amendment, asking that this Court request an attorney to represent him. (Docket # 25.)  Because Cotton is competent to litigate this case himself, his motion will be DENIED.

## LEGAL STANDARD

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)).  But under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658.

"In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Olson*, 750 F.3d at 711 (alteration in original) (quoting *Pruitt,* 503 F.3d at 654).  The second portion of this inquiry, stated another way, is "whether the difficulty of the

case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Id.* at 712 (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## ANALYSIS

To begin, there is no evidence that Cotton has contacted any attorneys concerning his case. Therefore, he fails to satisfy the threshold requirement concerning a request for recruitment of counsel. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010).

But even if he had satisfied this threshold requirement, it is evident that Cotton is competent to represent himself in this matter. This suit is a relatively straightforward § 1983 action: Cotton claims that Defendants violated his Fourth Amendment right to be free from false arrest when they executed a warrant and arrested him on or about November 2013 for battery, resisting arrest, and possession of marijuana. (Docket # 1, 3.) Accordingly, the first factor–the

difficulty of his claims–cuts against his request for counsel. *See Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Furthermore, Cotton has already articulated his claims in this suit (Docket # 1); conferred regarding a Report of Parties' Planning Meeting (Docket # 22); participated in a Rule 16 Preliminary Pretrial Conference (Docket # 23, 27); and sought relief through filing a motion seeking an extension of time and a default (Docket # 17, 19) and the instant motion for counsel (Docket # 25). His motion seeking an extension of time and a default incorporated several citations to various trial rules, indicating that he has already performed at least some legal research and is capable of articulating his legal position. (Docket # 17.)

Moreover, it is evident from his filings and participation in two telephonic conferences (Docket # 23, 27) that Cotton has reasonably good communication skills, at least at a sufficient level to proceed *pro se. Cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. July 25, 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education). He is not presently incarcerated and thus has the freedom to perform his own research. Finally, many of the facts of this case are within his particular knowledge; therefore, the task of discovery is apt to be quite limited.

Considering the foregoing, Cotton appears competent to adequately handle the litigation of this § 1983 case. Consequently, his motion asking that the Court request counsel for him will be denied. If his case survives the filing of dispositive motions and proceeds to trial, the Court

will reconsider recruiting counsel for him.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Appointment of Counsel (Docket #

25) is DENIED.  Plaintiff is, of course, free to attempt to secure counsel on his own.

Enter for this 25th day of March 2015.

S/Susan Collins
Susan Collins,
United States Magistrate Judge