UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MARK A. COTTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 1:14-CV-189 JD |
| JOHN KAUFFMAN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In June of 2014, Plaintiff Mark A. Cotton ("Cotton") filed a complaint *pro se* alleging claims under 42 U.S.C. § 1983 against a number of police officers, judges, court clerks, and attorneys, relating to his arrest and prosecution on several state offenses. [DE 1]. This Court dismissed the claims against all defendants except Officer Kauffman (Kauffman), Officer McKnight ("McKnight"), and Officer Thompson ("Thompson"). [DE 3]. This Court then gave Cotton leave to proceed *in forma pauperis* on the claim, liberally construed by the Court, alleging Kauffman made false statements necessary to the issuance of the arrest warrant, and the claim that McKnight and Thompson allegedly made a false arrest. [*Id*.] Kauffman and McKnight filed a motion for summary judgement in this matter on November 16, 2015. [DE 36]. Cotton was served with notice advising him of his right to respond to the motion for summary judgment, and was provided the text of the relevant federal and local rules, consistent with Appendix C to the Local Rules for the Northern District of Indiana. [DE 40]. Cotton did not initially respond to the motion, however, this Court, recognizing Cotton is *pro se*, gave an extension of time to Cotton to file any response he might have. [DE 41]. On January 20, 2016, Cotton filed his

response, which provided no further argument or evidence of his false statement and false arrest claim. [DE 42]. Instead, Cotton argued illegal search and seizure, which went beyond the scope of the original complaint. [*Id.*] The motion for summary judgment is now ripe. For the following reasons this Court GRANTS Kauffman's and McKnight's motion for summary judgment.

I. Background

Cotton's complaint against Kauffman, McKnight, and Thompson stems from an event on October 15, 2013, when a woman called the police to report that Cotton had battered her. Kauffman of the Marion Indiana Police Department responded to the call. Upon arriving at the scene Kauffman took a number of statements including the statement of the victim, the victim's father, and two juvenile witnesses who all confirmed seeing Cotton batter the victim. The victim alleged Cotton grabbed her by the throat and threw her into some bushes. Kauffman later spoke to Cotton himself, as well as Cotton's wife who both denied the battery. Cotton confirmed he saw the victim slip and fall, but maintained he did not batter the victim. Cotton's wife asserted the victim followed Cotton to his car in an aggressive manner, but never saw the victim fall to the ground. Finally, Kauffman made visual observations of the victim. Kauffman observed the victim had debris on her shirt that appeared to be grass and bits of leaves, and slight redness on the victim's neck. Kauffman also observed the victim was crying and seemed visibly shaken. These observations were consistent with the victim's statement that she was grabbed around the throat and pushed down. After taking statements from the victim, the victim's father, the two juvenile witnesses, Cotton, and Cotton's wife, Kauffman completed a report wherein he summarized all the statements he had taken, including those of Cotton and Cotton's wife. A verified copy of the report was then submitted to the prosecuting attorney. On October 29, 2013, battery charges were filed against Cotton. [DE 38-4]. The court then issued an arrest warrant for

Cotton on November 13, 2013. [DE 38-5]. On November 24, 2013, McKnight and Thompson began searching for Cotton to effectuate the arrest warrant. [DE 38-3]. McKnight asserts he had not discussed the investigation resulting in the arrest warrant with Kauffman, nor was he aware of the evidence submitted to the court in support of the charging information. [*Id.*] Officers McKnight and Thompson located Cotton and arrested him based upon the warrant. Thompson left the employment of the Marion Police Department prior to the attempted service of the complaint, and was never served in this case.[1] Accordingly, Thompson is DISMISSED without prejudice from this case in accordance with Fed. R. Civ. P. 4(m).

I. Standard of Review

On summary judgment, the burden is on the moving party to demonstrate that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That means that the Court must construe all facts in the light most favorable to the nonmoving party, making every legitimate inference and resolving every doubt in its favor. *Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson v Liberty*

---

[1] After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it. Fed. R. Civ. P. 4(b), (c)(1). Unless the plaintiff can demonstrate good cause for being unable to do so, he must accomplish this service of process within 90 days of filing to avoid possible dismissal of the suit. Fed. R. Civ. P. 4(m). The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *See Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005). If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Thompson was never served in this case. As explained by the City of Marion Legal Department, Thompson left the employment of the City of Marion, and did not authorize the City to accept legal service on his behalf. [DE 7]. Thompson was never notified of the lawsuit by the City of Marion. [*Id.*] This Court explained in a prior order that Cotton had not effected service on Thompson. [DE 19]. Cotton attempted to serve Thompson a second time in March of 2015 at the same City of Marion address stating, "Plaintiff feels that the Marion Police Department knows or could forward Defendant, Steve Thompson's name, address and telephone number times available for service." [DE 26]. There is nothing in the record to indicate Cotton received any response from the City of Marion. It has been over a year since Cotton's last attempted service, and to date Thompson has never been served, nor has Cotton attempted service again.

3

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with respect to any such material fact, and summary judgment is therefore inappropriate, when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. On the other hand, where a factual record taken as a whole could *not* lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). Summary judgment is not a tool to decide legitimately contested issues, and it may not be granted unless no reasonable jury could decide in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party, as well as draw all reasonable and justifiable inferences in his favor. *Anderson*, 477 U.S. at 255; *King v. Preferred Technical Grp.*, 166 F.3d 887, 890 (7th Cir. 1999). But the non-moving party cannot simply rest on the allegations or denials contained in its pleadings. It must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000).

## II. Analysis

Kauffman and McKnight argue summary judgment is proper where there existed probable cause and the arrest warrant was facially valid. This Court agrees.

### A. *Probable Cause*

Probable cause to arrest is an absolute defense to any claim under § 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution. *Mustafa v. City of*

*Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (citation omitted). Probable cause exists if, at the time of the arrest, the facts and circumstances within the defendant's knowledge "are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed ... an offense." *Chelios v. Heavener,* 520 F.3d 678, 686 (7th Cir. 2008). Probable cause is only a probability or substantial chance of criminal activity, not a certainty that a crime was committed. *Illinois v. Gates,* 462 U.S. 213, 244 n. 13 (1983).

In determining whether information submitted to a judicial officer in support of a warrant application was sufficient to establish probable cause, we look only at what the officer knew at the time he sought the warrant, not at how things turned out in hindsight. *Hebron v. Touhy,* 18 F.3d 421, 423 (7th Cir. 1994). The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate. *Beauchamp v. City of Noblesville, Ind*, 320 F.3d 733 (7th Cir. 2003); *Woods v. City of Chicago,* 234 F.3d 979, 987 (7th Cir. 2001); *Neiman v. Keane,* 232 F.3d 577, 581 (7th Cir. 2000); *Guzell v. Hiller,* 223 F.3d 518, 519–20 (7th Cir. 2000); *Jenkins v. Keating,* 147 F.3d 577, 585 (7th Cir. 1998); *Tangwall v. Stuckey,* 135 F.3d 510, 516–17 (7th Cir. 1998); *Hebron,* 18 F.3d at 422–23; *Gerald M. v. Conneely,* 858 F.2d 378, 381 (7th Cir. 1988); *Gramenos v. Jewel Cos., Inc.,* 797 F.2d 432, 439–40 (7th Cir. 1986). And in crediting the complaint of a reasonably believable witness or putative victim, the police are under no constitutional obligation to exclude all suggestions that the witness or victim is not telling the truth. *Spiegel v. Cortese,* 196 F.3d 717, 724–25 (7th Cir. 2000); *Gramenos,* 797 F.2d at 442.

The Fourth Amendment requires probable cause for any arrest, but even though an arrest warrant requires a magistrate to have determined that probable cause is present, "a warrant does

not erect an impenetrable barrier to impeachment of a warrant affidavit." *Lawson v. Veruchi¸* 637 F.3d 699, 704 (7th Cir. 2011) (quoting *Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir. 1985)). Rather,

> [i]f an officer submitted an affidavit that contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth and no accurate information sufficient to constitute probable cause attended the false statements, not only is his conduct the active cause of the illegal arrest, but he cannot be said to have acted in an objectively reasonable manner.
>
> *Id.* (quoting *Olson*, 771 F.2d at 281).

In the instant case Cotton was charged with battery,[2] and there existed probable cause. Kauffman had a statement from the victim who identified Cotton as the individual who battered her. [DE 38-2]. Kauffman also had the visual observations of the victim which corroborated her account of events. [*Id.*] The slight redness around her neck, what appeared to be debris of leaves and grass, and the victim's visibly shaken state were consistent with the victim's statement that she was grabbed around her neck and thrown to the ground by Cotton. [*Id.*] Additionally, Kauffman had the statement of the victim's father who witnessed the event and, consistent with the statement of the victim, saw Cotton grab the victim by the neck and slam her to the ground. [*Id.*] Both juvenile witnesses at the scene confirmed the same course of events. [*Id.*] While the complaint of a single witness or putative victim alone generally is sufficient to establish probable cause, *Woods v. City of Chicago,* 234 F.3d at 987, Kauffman had the statement of three other witnesses who corroborated the victim's version of events in addition to the physical observations Kauffman was able to make. While there existed probable cause at this point, Kauffman continued to investigate and took the statement of Cotton and Cotton's wife. Kauffman included both of the statements in his report, which notably were inconsistent with

---

[2] Ind. Code § 25-42-2-1(a) defines battery as follows, "[a] person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor."

one another. Cotton stated the victim fell and Cotton's wife denied ever seeing the victim fall. There was probable cause in this case sufficient to render an arrest warrant.

Even if there was not probable cause, Cotton still could not prevail where there is no evidence Kauffman made any false statement or recklessly disregarded the truth. Kauffman's report included summaries of statements made by the victim, the victim's father, the two juvenile witnesses, as well as Cotton, and Cotton's wife. [DE 38-2]. Kauffman included in his report that Cotton denied battering the victim, but did admit to seeing her fall. [*Id.*] Kauffman also included the statement by Cotton's wife who denied ever seeing Cotton batter the victim, or the victim fall. [*Id.*] Kauffman provided a thorough recitation of the events as he knew them to be, including those facts that indicated Cotton may not have been involved in the battery. Viewing these facts in the light most favorable to Cotton, as well as all reasonable and justifiable inferences, *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), this Court cannot find any evidence of a false statement. Nor does Cotton allege any particular statement made by Kauffman was false. The party opposing summary judgment cannot simply rest on the allegations or denials contained in its pleadings. It must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Cotton provides no evidence to this Court of any false statement made by Kauffman, nor can this Court find Kauffman acted in a way that recklessly disregarded the truth. Kauffman's report included all the information known to him, including that Cotton and Cotton's wife denied the battery. Cotton's response to the motion for summary judgment consists largely of legal research about search and seizure violations and arrest warrant requirements. [DE 42]. Cotton then alleges the police entered his home without permission, conducted an illegal search, and did not produce an arrest warrant when asked. [DE 42 p. 47].

Cotton's argument exceeds the scope of the complaint, which alleges an illegal arrest "without any evidence of a violation of a criminal statute" where there exited no probable cause. [DE 1 p. 5]. Accordingly, Kauffman's motion for summary judgment is granted.

B. *McKnight acted upon a facially valid warrant*

Cotton asserts a false arrest claim under the Fourth Amendment against McKnight, who was personally involved in Cotton's arrest. [DE 1]. In response McKnight argues there was probable cause in this case, and he acted upon a facially valid warrant.

Typically, officers who make an arrest pursuant to a facially valid warrant cannot be liable for false arrest under § 1983, but an exception to this rule is where the officers knew the warrant had been issued without probable cause. *Williamson v. Curran*, 714 F.3d 432, 444-45 (7th Cir. 2013); *Juriss v. McGowan*, 957 F.2d 345, 350-51 (7th Cir. 1992).

For Cotton to prevail on his claim against McKnight he would have to show that the warrant was issued without probable cause, and that McKnight knew the warrant was issued without probable cause. Cotton can show neither of these requirements.

As discussed above, probable cause was present in the instant case. Even if probable cause was lacking, however, Cotton still cannot prevail. There is nothing in the record to support the assertion that McKnight knew the information which caused the arrest warrant to be issued. In fact, McKnight asserts he was assigned the duty of locating Cotton for the arrest, but had not discussed the investigation which resulted in the issuance of the arrest warrant with Kauffman. [DE 38-3]. Nor was McKnight aware of evidence submitted that resulted in a warrant being issued by the court. [*Id*.] Cotton does not attempt in any filings to assert McKnight knew specifics within the warrant, but rather asserts there was no probable cause for the arrest and

therefore McKnight placed Cotton under arrest falsely. [DE 1]. There was probable cause, and as such McKnight's motion for summary judgment is granted.

### III. Conclusion

For the foregoing reasons Kauffman's and McKnight's motion for summary judgment is GRANTED. Since there was no Fourth Amendment violation, we need not discuss independently the issue of qualified immunity. Defendant Thompson is DISMISSED without prejudice from this case. The Clerk is DIRECTED to enter judgment in favor of Kauffman and McKnight.

SO ORDERED.

ENTERED: April 20, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court